**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001050**
**29-OCT-2015**
**08:30 AM**

NO. CAAP-12-0001050

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF CHESTER V. SCUPHOLM,
aka CHESTER VERNON SCUPHOLM, Deceased.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 08-1-0053 GWBC)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

In this contested probate matter, the Circuit Court of the First Circuit (Circuit Court),[1] after a jury-waived trial, found that the January 22, 2007, Last Will and Testament of Chester V. Scupholm (Will) was valid and unrevoked. The Circuit Court also appointed Interested Party-Appellee Karen L. Meredith (Meredith), in her capacity as the personal representative of the Estate of Ruth Scupholm, to be the personal representative of the Estate of Chester V. Scupholm. At the time of his death, Chester V. Scupholm (Chester) was married to Ruth C. Scupholm (Ruth); Ruth died approximately a year after Chester.

Party-In-Interest/Appellant Kathleen M.S. Mikatich (Mikatich) appeals from the Circuit Court's Final Judgment, which

[1] The Honorable Gary W.B. Chang presided.

was entered on October 30, 2012, pursuant to the Circuit Court's Findings of Fact and Conclusions of Law and Order. On appeal, Mikatich argues that the Circuit Court erred in finding that the Will was valid and unrevoked and in appointing Meredith as the personal representative of Chester's estate. In particular, Mikatich contends that the Circuit Court erred in: (1) crediting the testimony of the military lawyer who prepared the Will and failing to take judicial notice of federal law imposing restrictions on clients the lawyer could serve, which Mikatich claims would have served to impeach the lawyer's testimony; (2) finding that the Will was valid; (3) failing to apply the doctrines of judicial admission and judicial estoppel against Meredith; and (4) appointing Meredith, in her capacity as personal representative of Ruth's estate, to be the personal representative of Chester's estate. We affirm.

I.

Chester and Ruth were married in 1969. Mikatich and Dianne M.S. Frazier (Frazier) are Chester's daughters from a prior marriage. Chester had apparently become estranged from Meredith and Frazier and, at the time of his death, had not seen them for approximately forty years. Chester and Ruth did not have any children together. Meredith and Jeffrey Moreira (Moreira) are, respectively, Ruth's niece and nephew. Chester died on April 21, 2007, and Ruth died on March 14, 2008. Barbara J. Rapisora (Rapisora) met Ruth and Chester in April or May of 2005 and served as their housekeeper and caregiver until their deaths.

On January 22, 2007, Chester signed the Will which expressly disinherited Mikatich and Frazier as well as Meredith and Moreira, named Rapisora as the sole beneficiary of his estate, and appointed Rapisora to be his personal representative. The Will cited the lack of a relationship between Chester and his daughters for a period of forty years as the reason for his disinheriting them. The Will was drafted by Navy Staff Judge Advocate Lieutenant Erin Baxter (Baxter). Extensive litigation

2

ensued after Chester's death, including two appeals decided by this court. See Meredith v. Rapisora, No. 29148, 2012 WL 1951329 (Hawai'i App. May 31, 2012) (SDO), cert. denied, No. SCWC-29148, 2012 WL 5186657 (Oct. 18, 2012); In re Conservatorship and Guardianship of Ruth C. Scupholm, No. 30201, 2013 WL 3156097 (Hawai'i App. June 21, 2013) (SDO).

In this case, Mikatich challenged the validity of the Will and petitioned for adjudication that Chester died intestate. Meredith opposed Mikatich's challenge to the Will, and Mikatich and Meredith filed competing petitions to be appointed personal representative of Chester's estate. The probate court assigned the determination of the validity of the Will and the appointment of a personal representative to the Circuit Court, which held a jury-waived trial.

After the trial, the Circuit Court ruled that the Will was valid and unrevoked, and it appointed Meredith, in her capacity as personal representative of Ruth's estate, as the personal representative of Chester's estate. The Circuit Court found and concluded that:

> The credible evidence proves that Chester possessed the requisite testamentary capacity before and during the time he executed his Will. Chester was of sound mind and had the requisite testamentary capacity to articulate a clear and specific plan for the disposition of his assets. Chester was fully aware of the contents of his Will, and had the requisite testamentary capacity at the time he executed it.

The Circuit Court also specifically rejected Mikatich's claim that the Will was the product of undue influence, explaining that:

> where the evidence shows that Chester did not have a meaningful relationship for over 40 years with his two children from his first marriage, had little to no contact (either in person or over the telephone) with his children, was not prevented from contacting or otherwise meaningfully communicating with them during his lifetime, was not dominated and controlled by Rapisora at the time he executed his will, and that Rapisora was kind and caring toward Chester and Ruth, Chester's desire to leave his estate to Rapisora was clearly understandable and not the result of undue influence.

3

In rendering its decision, the Circuit Court relied on the deposition testimony of Baxter, who prepared the Will, and Dr. Christopher Brace (Dr. Brace), a physician who treated both Ruth and Chester before Chester's death. Baxter testified that in preparing Chester's Will, she took steps to ensure that he had the mental capacity and competency to proceed with the formation and execution of a will; that based on her interactions with Chester, she determined that Chester had the requisite testamentary capacity to articulate and execute an estate plan; that Chester explained his reasons for disinheriting his daughters and wanting to leave his assets to Rapisora; that Baxter discussed with Chester his desires regarding his will without Rapisora being present; that Chester understood and intended the results effected under his Will; and that Chester signed the Will in the presence of two witnesses, Dora Seu and Hazel Fantz, who signed acknowledgments verifying that they had witnessed Chester sign the Will.

Dr. Brace testified that he was a board certified geriatric specialist; that he had been treating both Chester and Ruth as patients since 2005; that he had interacted with and observed Chester while treating Chester and also when Chester accompanied Ruth, who had Alzheimer's disease, during her visits; that in January 2007, Chester asked Dr. Brace to prepare a letter that specifically addressed Chester's ability to make decisions; that based on his medical expertise and opinion, Dr. Brace prepared a letter dated January 15, 2007, which stated that Chester was "competent to made decisions, medically or otherwise. He is able to make decisions, for his wife, Ruth Scupholm, who lacks competency"; and that Dr. Brace did not have any concerns about Chester's mental capacity, Chester's ability to make medical, legal, or financial decisions, or to take care of his finances and logistical issues.

The Circuit Court also found that Meredith was qualified and ready, willing, and able to serve as the personal representative of Chester's estate.

4

II.

We resolve the issues raised by Mikatich on appeal as follows:

1.   Mikatich contends that because Chester had not retired from the military, he did not qualify for Baxter's services pursuant to a federal statute, 10 U.S.C. § 1044, that authorizes Navy Staff Judge Advocates to provide legal services only to certain military members.  Mikatich then contends that the Circuit Court erred in failing to take judicial notice of this statute because the statute would help her impeach Baxter and show that Baxter's testimony was not credible.  Mikatich's contentions are without merit.

The Circuit Court was aware of Mikatich's claim that Baxter was not authorized to provide legal services to Chester. The Circuit Court was not required to take judicial notice of the statute in order for Mikatich to use the statute to impeach Baxter.  Moreover, whether Baxter was authorized to provide services to Chester had no bearing on whether Chester was competent to execute the Will and whether the Will was valid. The validity of the Will and Chester's competency were not affected by whether Baxter was authorized to provide services to Chester.  In addition, whether Baxter was authorized under the statute to provide services to Chester did not turn on whether the Will was valid or Chester was competent.  Thus, the issue regarding Baxter's authority to provide legal services was irrelevant and inconsequential to her testimony regarding the validity of the Will and Chester's testamentary capacity.

2.   We reject Mikatich's claim that the Circuit Court erred in finding that the Will was valid.  The Circuit Court's findings were supported by substantial evidence and were not clearly erroneous.  Contrary to Mikatich's claim, the evidence shows that the Will satisfied the requirements of Hawaii Revised Statutes (HRS) § 560:2-502(a) (2006).  Mikatich's arguments are based on her version of the facts.  But, the Circuit Court did not accept Mikatich's version and instead relied on the testimony

of Baxter and Dr. Brace in determining that the Will was valid. It was within the province of the Circuit Court, as the trier of fact, to evaluate and weigh the evidence. See In re Estate of Herbert, 90 Hawai'i 443, 454, 979 P.2d 39, 50 (1999). In addition, as previously noted, whether Baxter was authorized to provide legal services to Chester had no effect on the validity of the Will.

3. Mikatich contends that the Circuit Court erred in failing to invalidate the Will by applying the doctrines of judicial admission and judicial estoppel to pleadings submitted by Meredith in her lawsuit against Rapisora. We disagree.

The allegations made by Meredith in the Rapisora lawsuit were not statements of fact within her knowledge, but are more correctly described as legal positions. The Rapisora lawsuit was settled and therefore Meredith did not succeed in persuading the trial court to accept or act upon Meredith's allegations. Moreover, aside from Meredith and Mikatich, the Circuit Court was required to consider Chester's interest and intent in determining the validity of the Will. Under these circumstances, we conclude that the Circuit Court did not abuse its discretion in not applying the doctrines of judicial admission and judicial estoppel against Meredith. See Lee v. Puamana Cmty. Ass'n, 109 Hawai'i 561, 574, 576, 128 P.3d 874, 887, 889 (2006); Langer v. Rice, No. 29636, 2013 WL 5788676, at *4 (Hawai'i App. Oct. 28, 2013) (mem.) (concluding that a trial court has discretion on whether to invoke the doctrine of judicial estoppel).

4. Mikatich argues that the Circuit Court erred in appointing Meredith, in her capacity as personal representative of Ruth's estate, rather than Mikatich, to be the personal representative of Chester's estate. We disagree.

Mikatich was expressly disinherited by Chester's Will, which the Circuit Court found was a valid will, a finding we have affirmed. Ruth was Chester's surviving spouse and Meredith was the personal representative of Ruth's estate. Under the

circumstances of this case, we conclude that the Circuit Court did not err in appointing Meredith, in her capacity as the personal representative of Ruth's estate, to serve as the personal representative of Chester's estate.

III.

For the foregoing reasons, we affirm the Circuit Court's Final Judgment.

DATED: Honolulu, Hawai'i, October 29, 2015.

On the briefs:

Gary Y. Shigemura
Randall N. Harakal
Joyce M. Brown
(Law Offices of Gary Y. Shigemura)
Stuart M. Cowan
for Party-in-Interest/Appellant
KATHLEEN M.S. MIKATICH, aka
KATHLEEN SCUPHOLM MIKATICH

Lyle S. Hosoda
Kevin T. Morikone
Raina P.B. Gushiken
Addison D. Bonner
for Interested Party-Appellee
KAREN L. MEREDITH, Individually

Mitzi A. Lee
for Interested Party-Appellee
KAREN L. MEREDITH, as Personal
Representative of the Estate of
RUTH SCUPHOLM

*Craig H. Nakamura*
Chief Judge

*(signature)*
Associate Judge

*(signature)*
Associate Judge

7